PEOPLE ex rel. McCLURE PUBLICATIONS, Inc., v. PURDY et al.

(Supreme Court, Appellate Division, First Department. March 20, 1914.)

1. TAXATION (§ 123*)—CAPITAL STOCK—"SURPLUS."

The "surplus" of a corporation is the accumulation of moneys or property in excess of the par value of the stock issued by it.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 222; Dec. Dig. § 123.*

For other definitions, see Words and Phrases, vol. 8, pp. 6816, 7811.]

2. TAXATION (§ 496*)—CAPITAL STOCK—DEDUCTIONS—CERTIORARI—REVIEW.

Though a writ of certiorari to review a tax assessment authorizes a new trial of the question of assessability, where a corporation files a verified statement with the tax officers, which shows to a mathematical certainty that it had no surplus, a petition for a writ of certiorari, merely alleging that the company had, in fact, a stated surplus less than 10 per cent. of its capital stock, which should have been deducted, and not asking for any change in the statement, or for the correction of errors therein, presents no issue.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Certiorari by the People, on the relation of the McClure Publications, Incorporated, against Lawson Purdy and others, as commissioners. From an order dismissing the writ and confirming the assessment of a tax upon relator's capital stock, relator appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

H. S. Duell, of New York City, for appellant.

Curtis A. Peters, of New York City (William H. King, of New York City, on the brief), for respondents.

SCOTT, J. [1] The relator's petition for a writ of certiorari shows that on October 1, 1912, its name and a valuation of its capital stock and surplus profits were entered in the assessment roll, and that on or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

before November 30, 1912, application was made to the commissioners of taxes and assessment for a review and correction of said assessment, which was denied, and the valuation of the capital stock was fixed and confirmed at the sum of $50,000. At the time the relator presented its application for a review and reduction of its assessment, it filed with the commissioners a verified document, purporting to contain a true statement of its assets and indebtedness. That statement showed that the capital stock actually issued was $2,900,000. The assets were stated to be of the total gross value of $2,919,378.99, of which by far the greater amount represented "value at which patent rights, copy rights, trade-marks, good will, and franchises taken in payment for capital stock." The liabilities were stated at $213,773.04, leaving an apparent excess of assets over liabilities of $2,705,605.95. This was less than the amount of the outstanding capital stock, and consequently it appeared upon the face of the statement that the relator had no surplus, for the surplus of a corporation has been defined to be "the accumulations of the company of moneys or property in excess of the par value of the stock issued by it." People ex rel. Manhattan Railway Co. v. Barker, 165 N. Y. 305–339, 59 N. E. 137, 138. The relator's statement also contained a statement of the deductions which it claimed should be made from its list of assets for the purpose of assessment for taxation. These aggregated $2,850,197.40, exclusive of a surplus which relator claimed should be deducted, and the refusal to deduct which has led to this proceeding. Disregarding the surplus, the statement showed that the value of the assets exceeded the allowable deductions by $69,181.50, which appeared to be the actual taxable value of relator's capital, and justified its assessment at $50,000. The relator in its statement claimed that it had a surplus of $103,038.79, which sum, being less than 10 per cent. of its capital stock, should, as it is claimed, have been deducted from its taxable assets, leaving nothing to be assessed. From relator's own statement of assets and liabilities, which the tax commissioners were justified in accepting as true, it appeared to a mathematical demonstration that there was not and could not be any surplus because, as already said, the net assets over and above the liabilities amounted to less than the outstanding capital stock.

[2] The relator now insists that it is entitled in this proceeding to prove that in fact it had a surplus, notwithstanding the figures it gave as to its assets and liabilities conclusively show the contrary. That is, it now seeks to show, by its books or otherwise, that its own statement of its assets and liabilities was false or erroneous. The petitioner relies upon People ex rel. Manhattan Railway Co. v. Barker, 152 N. Y. 417, 46 N. E. 875, and numerous other kindred cases in which it has been held that a tax certiorari like the one now under consideration permits a new trial of the question of the relator's assessability, and a redetermination of all questions relating thereto upon new evidence taken by the court. There is no doubt about this proposition. The question is whether the relator has put itself in a position to take advantage of it. As was said in the case cited:

"The petition is regarded as the complaint, the return as the answer, and, in deciding *the issues joined thereby*, the court may call witnesses to its aid,

and their testimony becomes a part of the proceedings upon which the determination of the court is to be made."

What is to be tried by the court are "the issues raised by the pleadings," to wit, the petition and the return. Turning to those in the present case, we find no allegation of error in any fact contained in the statement filed with the commissioners and followed by them in fixing the assessment, except a slight correction as to the amount of capital outstanding, which does not affect any question at issue here. What the relator does, and all that it does is to assert that it had a surplus of $103,038.79, notwithstanding the fact that its own figures as to the amount of its assets, and of its capital stock, which are not claimed to be erroneous, and are not sought to be changed, except in the immaterial particular noted, demonstrate mathematically that it had no surplus.

A surplus is not a concrete, primary fact, but is a conclusion of fact, to be ascertained by the comparison of a corporation's assets with the amount of its capital stock. To show that the tax commissioners had erred in not deducting from relator's taxable assets a certain sum for surplus, the relator should have alleged what its capital stock is and what its assets are. Then perhaps it would have tendered an issue to be tried. But it has done no such thing. It simply asserts that:

"On October 1, 1912, your petitioner had actually earned from the savings or accumulations of its business the surplus of $103,038.79."

It does not even allege that it was then in possession of that surplus, or that it was represented in its assets. On the other hand, the statement of assets, not sought to be corrected, shows conclusively that such assets could not then have included any surplus at all. In my opinion, there was no issue to be tried, and the writ was properly dismissed.

The order appealed from should be affirmed, with costs and disbursements.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur.

INGRAHAM, P. J. (dissenting). A proceeding under the Tax Law to review an assessment for taxation is to be determined, not upon the evidence submitted to the tax commissioners upon which they have based their determination, but upon testimony to be produced before the court charged with the duty of reviewing the action of the tax commissioners, and the court, upon such evidence, determines the question as to the propriety of the assessment by the commissioners.

The Court of Appeals in the case of People ex rel. Manhattan R. Co. v. Barker, 152 N. Y. 417, 46 N. E. 875, states the nature of this proceeding and the functions of the court. In speaking of this proceeding, it is there said:

"What is called a review may thus become a proceeding in the nature of a new trial. The return is not conclusive, as in the common law and code writs. * * * The provisions of the Code do not apply to it. * * * The petition is regarded as the complaint, the return as the answer, and, in deciding the issues joined thereby, the court may call witnesses to its aid,

and their testimony becomes a part of the proceedings upon which the determination of the court is to be made. That determination is a revaluation, and it may be a different valuation of the property assessed."

The relator presented to the Supreme Court a petition stating that the valuation of the capital stock and surplus profits of the petitioner for the purpose of taxation entered on the assessment rolls was the sum of $50,000; that the said valuation and assessment of the petitioner as to its capital stock and surplus profits was and is illegal and erroneous in principle, and that the petitioner would be injured thereby, in that the petitioners refused to deduct from the assets of the petitioners an item of $103,038.79, being the surplus of the petitioner as shown by a statement filed by it, said surplus not being in excess of 10 per cent. of the par value of the shares of capital stock issued by it; that if the deduction "just mentioned had been made together with the other proper deductions set forth in the application filed by the petitioner, and properly allowed by the board of assessors, there would have been no capital stock or surplus profits of the petitioner subject to taxation," and this allegation was denied in the return. It seems to me that an issue of fact was there presented for the determination of the court at Special Term, and that the relator was entitled to offer testimony tending to show the truth of this allegation of fact in the petition. When this case was before the Special Term the writ was dismissed, it being there ordered that the relator's request for leave to present evidence, in reference to the claim for deductions for surplus not exceeding 10 per cent. of its capital, be and there was denied, and the writ of certiorari was dismissed. I think this was error, and I, therefore, think that the order should be reversed, and the matter remitted to the Special Term to take the evidence offered by the relator.